SHELL OIL COMPANY, appellant, v. M. Ernest STIFFLER, Edith Stiffler, and American Petroleum Corporation, Respondents.

No. 5512. Decided September 27, 1935. (49 P. [2d] 1150.)

Dissenting Opinion, October 5, 1935.

For former opinion, see 87 U. 176, 48 P. (2d) 503.

PER CURIAM.

Rehearing denied.

WOLFE, Justice (dissenting).

I dissent from the decision denying a rehearing for the following reasons: As stated in my concurring opinion, I do not believe there was a consideration for a modification of the original agreement, but I am not convinced that we should hold in this jurisdiction that a consideration for a modification of an agreement is required. The prevailing opinion, by implication, so holds. In my concurring opinion

I arrive at the same result as the prevailing opinion on the theory that, even though a consideration is not required, the mutual agreement to modify must have been arrived at in an atmosphere of free dealing; that, where the parties were not on the same plane in their dealing because one was in position because of the original contract to economically use pressure upon the other so that the other, in order to save his business, was compelled to acquiesce, such mutual assent was not arrived at on the same level. To my mind, we have not given sufficient consideration to the question as to whether the modification of the contract must be supported by a consideration different from that which supported the original contract in the sense that there must have been a benefit passed or a detriment suffered in addition to that which was present by reason of the original contract. If no consideration is necessary, then, in order to arrive at the result of the prevailing opinion, we would have to conclude, as did my concurring opinion, that the parties were not on an equal basis or in an atmosphere of free dealing when the modification was made.

I think the petition for a rehearing should be granted in order that we may further explore the question as to whether in this jurisdiction we should lay down the rule that a new consideration is required to support a modification to a contract. If we decide that it is required, then the prevailing opinion should stand. If we decide that it is not required, then we should further determine what constitutes economic pressure in law in the procuring of an assent to a modification, and, after so determining, whether under the evidence it was present in this case.

For these reasons, I think a rehearing should be granted.